### James A. Potter *vs.* John Morland.

Goods being consigned to an agent for sale, with general instructions to remit the proceeds, it is a sufficient compliance with such instructions, if the agent remit by a bill of exchange, without indorsing or guarantying it; provided such is the usage at the agent's place of business, and the agent use proper diligence

Potter *v.* Morland.

and discretion in the purchase of the bill. In an action against the agent, to recover the proceeds of such a sale, proof of the usage and of a remittance accordingly is a sufficient *prima facie* defence; and if it is established by the agent, the burden of proof is then on the principal to show that bills remitted in pursuance of the usage ought to be indorsed or guarantied by the agent.

THIS action was brought to recover the sum of $350·62½, being the balance of the proceeds of the cargoes of the brigs Hellespont and Malaga, consigned to and sold by the defendant, in Havana, for and on account of the plaintiff.

The defendant filed a specification of defence, in which he alleged that he had fully paid the balance claimed of him, by remitting the amount thereof, according to the plaintiff's directions, to L. T. Potter, at Charleston, by a draft in the favor, on Mason & Thompson, of that city.

At the trial, which was before *Cushing*, J., in the court of common pleas, the defendant filed an admission of the plaintiff's claim, under the rule of that court, in order to entitle himself to open and close, and assumed the burden of proving the matter set forth in his specification of defence.

It appeared in evidence, or was admitted, that the defendant was a commission merchant in Havana; that the cargoes in question were consigned to him with general directions to remit the proceeds to L. T. Potter; that the defendant, having sold the cargoes, purchased the bill described in the specification of defence, and remitted the same, without indorsing or guarantying it, to L T. Potter; and that the bill was dishonored and returned protested to the defendant.

The question was, whether the remitting of the bill exonerated the defendant from his liability for the balance.

Evidence was introduced, tending to show that it was the custom of merchants in Havana, when ordered generally to remit to the United States, to make such remittance by means of bills of exchange; and there was also other and conflicting evidence introduced, as to whether a merchant so remitting was bound to indorse or otherwise guaranty the bills remitted.

The defendant contended, and requested the judge to

instruct the jury, that if they were satisfied, that it was the invariable custom in Havana, under such circumstances, to remit by bills of exchange, the defendant must be deemed to have complied with his instructions, and, if he used proper diligence and discretion in selecting the bill remitted, was exonerated from all liability ; that the burden of proof was not on him to show that it was also the custom in Havana to remit unindorsed bills; but that the burden of proof was on the plaintiff, if he would avoid the effect of the remittance, to show that the bill ought by custom or otherwise to have been guarantied, or indorsed by the defendant.

The presiding judge, for the purposes of the trial, refused so to instruct the jury, and ruled that the burden of proof was on the defendant, to show that the custom was to remit by bills not indorsed or guarantied by the remitting house, and to prove such a custom as would render the remittance in question, namely, a bill of exchange unindorsed by him, a valid payment.

The defendant then contended, and requested the judge to instruct the jury, that if they were satisfied from the evidence, that the custom was to remit by bills, but that there was no settled, known, and invariable custom, as to whether such bills should be indorsed or guarantied by the remitting house, and that bills remitted were sometimes so indorsed and guarantied and sometimes not, then, if the defendant acted in good faith in remitting the bill in question, he was exonerated from his liability for the balance claimed in this action.

The judge refused so to rule, but instructed the jury, that the defendant, in order to exonerate himself, must take the burden of proving a custom to remit by bills not indorsed or guarantied.

The jury returned a verdict for the plaintiff, and the defendant thereupon filed exceptions to the rulings and instructions above stated.

*C. A. Welch,* for the defendant.

*C. T. Russell,* for the plaintiff.

FLETCHER, J. This was an action of assumpsit to recover

a balance of account. The defendant was a commission merchant in Havana. The plaintiff consigned to him certain cargoes for sale, which were accordingly sold by the defendant and the proceeds received by him. From these proceeds the defendant had made certain remittances, which were credited by the plaintiff, and which left the balance as claimed in this suit.

At the trial, the defendant admitted that this balance was due, if it had not been paid, and took upon himself the burden of proving payment.

In support of the defence of payment, it appeared that the defendant purchased a bill to the amount of the balance and remitted it to L. T. Potter; but the bill was dishonored and not paid, and the question was, whether the remitting of the bill was payment, so as to exonerate the defendant from further liability for the balance. Whether the defendant discharged himself from such liability, by investing the plaintiff's funds in the bill which was remitted, must of course depend on the instructions under which he acted. The defendant was an agent, and if he acted with care and fidelity, in accordance with his instructions, then he can have incurred no personal liability, but the risks and liabilities of his acts fall upon his principal. The inquiry, then, is, What were the instructions given him in relation to the proceeds of the cargoes consigned to him for sale?

The report of the case states, that the cargoes were consigned to him with general directions to remit the proceeds to L. T. Potter. The defendant was not to retain the proceeds until drawn for, but was to remit them, without being instructed at all as to the particular mode in which the remittance should be made. In the absence of instructions as to the mode of remittance, the defendant properly performed his duty and well fulfilled all his legal obligations, if he conformed to the usage in such cases, and transacted the business intrusted to him as such business was usually transacted. Accordingly, evidence was introduced by the defendant, to show that it was the usage in such cases to remit by bills

and having given evidence of the usage, he prayed the court for the following instructions: " That if the jury were satisfied, that it was the invariable custom in Havana, under such circumstances, to remit by bills of exchange, the defendant must be deemed to have complied with his instructions, and if he used proper diligence and discretion in selecting the bill remitted, was exonerated from all liability; that the burden of proof was not on him to show that it was also the custom in Havana to remit unindorsed bills; but that the burden of proof was on the plaintiff, if he would avoid the effect of the remittance, to show that the bill ought by custom or otherwise to have been guarantied or indorsed by the defendant."

The instructions prayed for were refused by the judge, on the ground, that there was evidence in the case tending to show that the bills remitted should be indorsed or guarantied by the person remitting; and it was maintained by the plaintiff, that the bills remitted should be indorsed or guarantied by the party remitting, and that the burden of proof was on the defendant to show affirmatively that the bills need not be so indorsed or guarantied. The position taken by the plaintiff, as to the burden of proof, was sustained by the presiding judge, who accordingly instructed the jury, that the defendant, to exonerate himself from liability, must take the burden of proof and prove that the bills remitted need not be indorsed or guarantied by the person remitting.

In the opinion of this court, the instruction was erroneous. The defendant being instructed to remit generally, without any direction as to the mode of remitting, he would be discharged from liability, if he remitted in a mode usual in such business. The defendant maintained that the usual mode was to remit by bill, and that proof of a usage to remit by bill would make a good *prima facie* defence. It was sufficient for the defendant to show a usage to remit by bill; and, if made out, such usage constituted a good defence. To show a usage to remit by bill, so as to authorize the defendant to remit in that way, the burden was on the defendant, and

upon showing that fact, he made a good defence *prima facie.* An authority to remit by bill might perhaps be inferred from the known course of business. The plaintiff, however, maintained, that though the usual mode of remittance was by bill, yet that the bills must be indorsed or guarantied by the party remitting ; that is, the plaintiff undertook to defeat the proposition maintained by the defendant, by setting up another distinct proposition, namely, that the bills must be indorsed or guarantied by the party remitting. The burden of proof to establish this last proposition was on the plaintiff and not on the defendant. The rule as to the burden of proof, in such a case, is laid down in the case of *Powers* v. *Russell,* 13 Pick. 69, 76 : " But where the party having the burden of proof gives competent and *prima facie* evidence of a fact, and the adverse party, instead of producing proof which would go to negative the same proposition of fact, proposes to show another and a distinct proposition which avoids the effect of it, there the burden of proof shifts, and rests upon the party proposing to show the latter fact."

Applying this rule to the present case, the defendant took upon himself the burden of proof to show a usage to remit by bills, which was the proposition stated by him, and if established would make a good *prima facie* defence. But the plaintiff to defeat this defence set up another proposition, that the bills thus remitted must be indorsed or guarantied by the party remitting, and to establish this last proposition set up by him, the burden of proof was on the plaintiff.

It would seem to be a remarkable usage, that an agent was bound to guaranty bills purchased for his principal, without any engagement so to do, and without being paid any thing for such guaranty. Whether the bills which were remitted by the defendant, and credited by the plaintiff, were indorsed or guarantied, does not appear in the report, though that fact might have had an important bearing on the question of the defendant's obligation to indorse or guaranty such bills.

The instructions of the court below being erroneous, the verdict must be set aside and a new trial granted in this court